UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL SEJOUR,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-08522-DAD-SCR (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On October 16, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 2). On October 19, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondent was further directed to state any opposition that he had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of his position in this regard in his opposition. (*Id.*)

/////

On October 20, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondent argues that this case is distinguishable from the cases cited in the court's October 19, 2026 order because petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). (*Id.* at 1–2.) However, respondent has failed to indicate the operative subsection of the claimed detention authority, whether subsection (b)(1) or (b)(2). (*Id.*) Respondent has not indicated any opposition to this court ruling directly on the merits of the underlying petition. Accordingly, the court will rule directly on the merits of the petition based upon the briefing presently before it.

Based upon the parties' submissions, the court finds the following. The petitioner is a native and citizen of Haiti who first applied for admission to the United States on or about December 6, 2023, at the Brownsville, Texas port of entry. (Doc. Nos. 6-2 at 1; 6-1 at 2.) At that time, immigration officials commenced removal proceedings against petitioner through the issuance of a notice to appear ("NTA") and he was "released on parole in the United States." (Doc. No. 6-1 at 2.) On or about August 13, 2026, ICE re-detained petitioner during a random[1], untargeted vehicle stop. (Doc. No. 6-1 at 2.) ICE agents stopped petitioner and conducted a custodial stop and interrogation regarding his immigration status. (*Id.*) There is no indication that petitioner was provided advance notice or a hearing before ICE re-detained him.[2]

---

[1] The court observes that it is suspect whether immigration agents had any specific, articulable facts indicating that petitioner was in this country unlawfully or had violated the terms of any prior admission insofar as the form I-213 indicates that vehicle checks "returned information associated to a nonimmigrant male." (Doc. No. 6-1 at 2.) The term "nonimmigrant" refers to an individual who lawfully entered the United States on a nonimmigrant visa rather than an individual who entered without inspection. 8 U.S.C. § 1101(a)(15) (defining classes of nonimmigrants); *Korab v. Fink,* 748 F.3d 875, 880 n.5 (9th Cir. 2014) (noting the INA "defines 'nonimmigrant' as any alien who has been admitted pursuant to one of the various visas set out in 8 U.S.C. § 1101(a)(15).")

[2] Respondent has not offered any evidence that petitioner received a notice of custody determination (Form I-286). Additionally, the Warrant for Arrest of Alien (Form I-200) from DHS was not issued on the day petitioner was re-detained. (Doc. No. 6-4 at 1.) The court observes that the Warrant for Arrest is dated August 15, 2026, two (2) days after petitioner was arrested and detained. Therefore respondent's evidence does not show that a hearing was provided prior to or contemporaneously with petitioner's detention or that notice was provided to petitioner before he was re-detained.

Title 8 U.S.C. § 1225(b)(1) creates certain detention regimes for "aliens arriving in the United States and certain other aliens who have not been admitted or paroled." 8 U.S.C. § 1225(b)(1). "[T]hat section, by its terms, does not apply to noncitizens who have been continuously present in the United States for, 'the 2-year period immediately prior to the date of the determination of inadmissibility.'" *Ramos v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-01026-DAD-JDP, 2026 WL 836368, at *2 (E.D. Cal. Mar. 26, 2026). Here, it is undisputed that petitioner was paroled into the United States over two and a half (2.5) years ago (Doc. No. 6-1 at 2), and nothing before the court suggests that petitioner has not been continuously present in the United States for the past two (2) years. Significantly, there is no indication that the expedited removal process was applied to petitioner. (Doc. No. 6-1 at 1–3.) Accordingly, the Court finds that petitioner is not subject to detention under section 1225(b)(1). *See Pablo Sequen v. Kaiser*, 800 F. Supp. 3d 998, 1101 (N.D. Cal. 2025) (holding that detention under § 1225(b)(1) could not apply to the petitioner who had entered the United States more than two years prior and had been continuously present in the country since that entry).

Alternatively, even assuming *arguendo* that petitioner is detained pursuant to § 1225(b)(2)(A), the fact that petitioner was paroled into the United States shifts the applicable detention authority. *See Wasef v. Chestnut,* No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026) (rejecting the argument that petitioner is an "applicant for admission" and therefore subject to mandatory detention as someone "seeking admission."); *see also Mendoza v. Warden, Cal. City Correctional Ctr.,* No. 1:26-cv-03785-DAD-CSK (HC), 2026 WL 1481759, at *3 (E.D. Cal. May 27, 2026) (same). Further, to the extent that petitioner was released on parole into the United States, thereby gaining a substantial liberty interest, and subsequently re-detained, his detention is not authorized under § 1225(b)(2)(A). *See Singh v. Albarran,* No. 1:25-cv-01821-DAD-SCR, 2025 WL 3640678 (E.D. Cal. Dec. 16, 2025) (granting habeas petition for a paroled noncitizen who was re-detained).

At the outset, respondent concedes that this case is not substantively distinguishable from those cited in the court's October 19, 2026 minute order (Doc. No. 5) regarding noncitizens who were paroled into the United States. (Doc. No. 6 at 2.) Records submitted to the court show that

petitioner was previously paroled into the United States on December 6, 2023. (Doc. Nos. 3 at 9; 8 at 9). Although respondent argues that, after the Ninth Circuit's recent decision *Padilla v. U.S. Immigr. & Customs Enf't,* 192 F.4th 894 (9th Cir. 2026), petitioner's due process rights are limited to the process provided by Congress in 8 U.S.C. § 1225(b), the Ninth Circuit made clear in the *Padilla* decision that the Supreme Court's prior decision in *Department of Homeland Security v. Thuraissigiam,* 591 U.S. 103 (2020), "did not – contrary to the government's contention – trample decades of precedent establishing that noncitizens within the United States, legally or not, generally are within the protections of the Fifth Amendment's Due Process Clause." *Id.* at 908.

Moreover, the facts in *Thuraissigiam* are distinguishable because that case involved a noncitizen who had been present in the United States for less than two (2) years and was subject to the expedited removal procedure and mandatory detention provisions set forth under § 1225(b)(1)(A), (B)(ii). Here, petitioner was never subjected to the expedited removal procedure upon his *initial* entry into the United States. (Doc. No. 6-1 at 2.) Instead, petitioner presented himself for admission, was paroled into the United States, and released by immigration officials. (*Id.*) Thus, the court finds that respondent's argument that the Ninth Circuit's decision in *Padilla* operates to foreclose petitioner's due process claims to be unpersuasive. Simply put, petitioner – unlike *Thuraissigiam* who was apprehended immediately after entering the United States, detained, never released, and subjected to expedited removal – cannot be similarly regarded at the "threshold of initial entry," given his parole into the United States and the substantial liberty interest he gained during his years on release and before his re-detention in August 2026. Given these facts, petitioner's due process rights are meaningfully different than a noncitizen who was immediately detained, never paroled, and placed into expedited removal upon initial arrival. *Padilla,* 192 F.4th at 912.

In light of petitioner's prior release from immigration detention on parole, petitioner was entitled to notice and pre-deprivation process prior to his re-detention, which were not provided in this case. *See Fane v. Warden,* No. 1:26-cv-07879-DAD-SCR, 2026 WL 2970720 (E.D. Cal. Oct. 2, 2026); *see also Jean v. Mullin*, No. 1:26-cv-08027-DAD-AC, 2026 WL 3034291 (E.D.

Cal. Oct. 9, 2026). Accordingly, the court also rejects respondent's alternate argument that § 1225(b)(2)(A) applies in this case given petitioner's prior release from immigration detention on parole.

Further, to the extent that petitioner was not provided advanced notice or a pre-detention hearing before ICE re-detained him, petitioner is entitled to immediate release. *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5, (E.D. Cal. Dec. 9, 2025) (concluding that the re-detention of a noncitizen who was previously paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) without notice or a pre-detention hearing violated due process); *Florez v. Robbins*, No. 1:25-cv-01897-CSK, 2026 WL 593101, at *2–5 (E.D. Cal. Mar. 3, 2026) (reaching the same conclusion as to a petitioner who was previously released on parole pursuant to § 1226(a) and subsequently re-detained without notice and a pre-detention hearing).

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Noel Sejour, A-File No. 244-297-486, under the same conditions he was subject to, if any, prior to re-detaining him on or about August 15, 2026;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;
3. The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

/////

/////

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE